STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**Georgian American Alloys, Inc.**
**Employer Below, Petitioner**

**v.)     No. 25-579     (JCN: 2022005124)**
**(ICA No. 25-ICA-49)**

**Mark Davis**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Georgian American Alloys, Inc. appeals the June 27, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Georgian American Alloys, Inc. v. Davis*, No. 25-ICA-49, 2025 WL 1779770 (W. Va. Ct. App. Jun. 27, 2025) (memorandum decision). Respondent Mark Davis filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the January 2, 2025, order of the Workers' Compensation Board of Review reversing the May 23, 2023, claim administrator's order granting Mr. Davis a 10% permanent partial disability award ("PPD"). Instead, the Board of Review granted an additional 5% PPD award for a total award of 15% PPD, which the ICA affirmed.

On appeal, the employer argues that the ICA erred in failing to apportion the claimant's preexisting impairment when it affirmed the Board of Review's decision to grant an additional 5% PPD award. The employer asserts that the facts of this case and the evidence of record clearly establish that the claimant has no permanent impairment due to the compensable condition in the claim, which is broken ribs. The employer argues that Dr. Bruce Guberman, M.D., assessed the claimant's impairment to be 15% due to a noncompensable neurological condition. The employer contends that the ICA erred in relying on Dr. Guberman's 15% assessment because his impairment rating is based on subjective allegations regarding limitations of the claimant's activities of daily living. The employer further argues that George Zaldivar, M.D., the only Board-Certified Pulmonologist of record, provided an opinion that the claimant's breathing abnormality was the result of his prior smoking habit and not related to the injury. As such, the employer argues that the medical evidence clearly established that the claimant had a definite ascertainable preexisting impairment which should have been deducted from the total impairment rating. Furthermore, the employer contends that the exclusion of Dr. Zaldivar's report simply because he used a pulmonary criteria to rate the claimant's pulmonary impairment instead of neurological impairment is

---

[1] The petitioner is represented by counsel Jeffrey B. Brannon, and the respondent is represented by counsel Edwin H. Pancake.

1

improper. The claimant counters by arguing that the Board of Review correctly found that Dr. Zaldivar's report included opinions of the claimant's impairment that were not supported by the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). As a result, his report was found to be unreliable with regard to the claimant's permanent impairment, and his opinion concerning the alleged preexisting condition was found to be without additional medical support. Thus, the ICA and the Board of Review correctly determined that apportionment was not proper because Dr. Zaldivar's recommendation of 5% whole-person impairment for pulmonary function was not a valid and reliable rating.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 13, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III